IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:10-CR-00034-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) **ORDER** |
| RAYMOND DEMARCUS POOLE, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's *pro se* Motion for Appointment of Counsel and a Reduction of his Sentence under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 37). Mr. Poole argues that 18 U.S.C. § 922(g)(1), the statute he pled guilty to violating, (Doc. No. 16), is unconstitutional. He, therefore, requests the Court appoint counsel to assist him with his motion for compassionate release and that the Court reduce his sentence. For the reasons discussed below, the Court will **DENY** the motion.

### I. LEGAL STANDARD

By statute, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, Congress has provided a few exceptions to this general rule. One such exception is a motion for compassionate release. Before the passage of the First Step Act, district courts were only permitted to reduce a term of imprisonment on motions for compassionate release made by the Director of the Bureau of Prisons ("BOP"). Now, a court may entertain a motion filed by a defendant. The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, now provides in pertinent part:

> (c) Modification of an imposed term of imprisonment.—The Court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
> ...
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission ....

18 U.S.C. § 3582(c).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582. Only after this analysis may the district court grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F. 4th 167, 173 (4th Cir. 2023) (internal citation omitted) "Thus, even if a movant satisfies the threshold eligibility requirement for obtaining relief, a district court has discretion to grant or deny relief based on its assessment of the salient § 3553(a) factors." *United States v. Bethea*, 54 F. 4th 826, 831 (4th Cir. 2022).

On November 1, 2023, the Sentencing Commission's proposed amendment to § 1B1.13 came into effect. *See* Amendments to the Sentencing Guidelines, U.S.S.C., 8-11 https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-

amendments/202305_RF.pdf (last accessed Nov. 2, 2023). The new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release. *See* USSG § 1B1.13; *see also United States v. McCoy*, 981 F. 3d 271, 282 (4th Cir. 2020). Among such reasons, the statement advises District courts to consider the medical circumstances of the defendant, the age of the defendant, family circumstances, whether the defendant is or has been a victim of abuse, or served an unusually long sentence. §§ 1B1.13(b)(1)-(4), (6). The new Guideline also states that district courts may consider any other set of circumstances which rises to the level of gravity of the factors enumerated in the Guideline. §1B1.13(b)(5). However, relevant to Mr. Poole's case, § 1B1.13(c) now states that "a change in the law … shall not be considered for purpose of determining whether an extraordinary and compelling reason exists under this policy statement."[1]

The Sentencing Commission's new policy statement does not relieve the Court of its obligation to analyze the § 3553(a) factors. Those factors include "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with ... training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

## II. DISCUSSION

Mr. Poole asks the Court to appoint counsel to assist him with his motion for compassionate release and to grant his motion for compassionate release.

---

[1] Section § 1B1.13(c) advises district courts to consider a change in the law for the purposes of determining the extent of a sentence reduction if a defendant "otherwise establishes that extraordinary compelling reasons warrant a sentence reduction…" Here, Mr. Poole has not provided any other grounds for his release other than a change in the law. (*See* Doc. No. 37).

A.     **Appointment of Counsel**

A defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Mr. Poole has not established that the interests of justice require the appointment of counsel because there has been no change in the law that would provide extraordinary and compelling reasons to reduce Mr. Poole's sentence and the new policy guidelines promulgated by the Sentencing Commission have further stated that a change in the law cannot, by itself, constitute an extraordinary and compelling reason justifying compassionate release. Therefore, the Court finds that the interests of justice do not require appointment of counsel to assist the Defendant, at this time.

B.     **Compassionate Release**

Mr. Poole contends that the Court should vacate the rest of his sentence following a decision from the Southern District of Mississippi, *United States v. Bullock*, No. 3:18-CR-165-CWR-FKB, 2023 WL 4232309 (S.D. Miss. June 28, 2023). In *Bullock*, the court found that 18 U.S.C. § 922(g)(1) was unconstitutional as applied to the defendant. However, this argument should be brought as a habeas action under 28 U.S.C. § 2255, not as a motion for compassionate release. Pursuant to the amended Guideline, Mr. Poole must plead more than a change in the law in order show an extraordinary and compelling reason for a reduction in his sentence. USSG

§ 1B1.13(c). However, Mr. Poole has failed to do so and so the Court will deny his motion for compassionate release.[2]

Lastly, the Court finds that the § 3553(a) factors do not warrant compassionate release. In his Motion, Mr. Poole does not provide any argument as to why this Court should find that his circumstances or find that his efforts at rehabilitation outweigh the other Section 3553(a) factors and the danger he poses to society. (See Doc. No. 37). The nature and circumstances of Mr. Poole's offense, his history and characteristics, the need for deterrence, the need to protect the public, and the need for just punishment also weigh against any sentence reduction for Mr. Poole.

**IT IS, THEREFORE, ORDERED**, that Defendant's Motion for Appointment of Counsel and a Reduction of his Sentence under the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 37) is **DENIED**.

Signed: November 15, 2023

Kenneth D. Bell
United States District Judge

---

[2] Furthermore, the Court disagrees with Mr. Poole's contention that there has been a change in the law, and recently held that § 922(g)(1) is still constitutional following *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which is the case relied upon in the Southern District of Mississippi's decision in *Bullock*. *See United States v. Davis*, No. 3:20-cr-00016-KDB-SCR, 2023 WL 7356579 (W.D.N.C. Nov. 7, 2023).